The STATE of Ohio, Appellee,

v.

FIDLER, Appellant.

[Cite as *State v. Fidler*, 155 Ohio App.3d 392, 2003-Ohio-6373.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–03–016.

Decided Nov. 26, 2003.

Steve Palmer, Huron County Law Director, and Stuart O'Hara, Assistant Law Director, for appellee.

Gordon M. Eyster, for appellant.

---

KNEPPER, Judge.

{¶ 1} This is an accelerated appeal from the judgment of the Norwalk Municipal Court, Huron County, Ohio, which denied the motion to dismiss filed by appellant, Douglas E. Fidler. Appellant was charged with hunting with the permit of another, in violation of R.C. 1533.11(B), a misdemeanor of the fourth degree.

{¶ 2} The stipulated facts were that on or about December 28, 2002, appellant was engaged in hunting deer by "pushing" deer for fellow hunters. Appellant was carrying no firearm, bow and arrow, or any other device capable of harvesting deer. Appellant had in his possession a resident hunting license, lawfully in his name, and a resident hunting license and deer permit lawfully issued to Alixandra Fidler, appellant's minor daughter. At all relevant times, appellant's daughter was not present with him. The parties also stipulated that "[a]t all times relevant, Douglas Fidler had his minor daughter Alixandra Fidler's resident Ohio hunting license and Ohio deer tag in his possession to safeguard it from his minor daughter losing or misplacing the same, in the discharge of his duties as a parent and natural guardian of said minor child."

{¶ 3} On February 20, 2003, appellant filed a motion to dismiss, pursuant to Crim.R. 12, wherein he argued that R.C. 1533.11(B) was vague, indefinite, overbroad, and over-inclusive, thereby violating his rights of due process, and inviting arbitrary enforcement in violation of his rights of equal protection. R.C. 1533.11(B) states, "A special deer or wild turkey permit is not transferable. No person shall carry a special deer or wild turkey permit issued in the name of another person."

{¶ 4} Appellant argued that the "plain language of the statute" was "designed to prevent transferring of permits from one individual to another." Because no transfer of a permit was attempted in this case, appellant argued that the statute did not apply to him. Appellant also argued that he had a specific statutory duty, pursuant to R.C. 2919.22(A) and 1533.13, to protect and care for his minor child and not to allow her to hunt unless accompanied by her parent or another adult. In exercising his parental obligations, appellant argued that he "saw fit that he should hold his minor daughter's license and permit," as that was "the only way he could ensure that she was adequately protected, and the only way for him to be sure of his compliance with his statutory duty to protect and

care for her and her affairs." Appellant asserted that it was impossible for him to be in compliance with his parental obligations and not be in violation of R.C. 1533.11(B).

{¶ 5} Appellant further argued that the ordinance was void for vagueness, insofar as it failed to "define the criminal offense with sufficient definiteness that ordinary people [could] understand what conduct [was] prohibited and in a manner that [did] not encourage arbitrary and discriminatory enforcement." Referring to R.C. 1533.11(B) and his parental obligations, appellant asserted that "there is no way for the ordinary citizen to know what the law is, much less what a crime is * * * [because there] are two conflicting laws, thereby making both laws undefinable and nearly impossible to regulate." Appellant argued that R.C. 1533.11(B) invited arbitrary enforcement, thereby violating his right to equal protection, insofar as "[t]he government would be forced to decide whether and in what situation it is appropriate (in order to protect a child's safety) to carry the child's license and permit."

{¶ 6} The state responded that R.C. 1533.11 is a strict liability statute, designed to protect the health, safety, and well-being of the community, and that no culpable mental state was required for conviction. The state also asserted that R.C. 1533.11(B) was not unconstitutionally vague in that it clearly alerted citizens as to the conduct it forbade, to wit, no person shall carry a special deer permit issued in the name of another person. The state further asserted that the statute did not interfere with appellant's ability to protect his daughter, insofar as his daughter was not present with him at the time, and because there were numerous ways a minor's deer permit could be safeguarded without violating R.C. 1533.11(B). The state additionally argued that there were no facts to support appellant's claim that R.C. 1533.11(B) invited arbitrary enforcement in violation of equal protection.

{¶ 7} On March 24, 2003, the trial court denied appellant's motion to dismiss. On March 28, 2003, appellant entered a plea of no contest, was found guilty, and was sentenced to a fine of $25, plus costs.

{¶ 8} Appellant appeals the denial of his motion to dismiss and raises the following sole assignment of error:

{¶ 9} "The trial court in its judgment entry of March 24, 2003, erred in denying defendant's motion to dismiss filed on February 20, 2003."

{¶ 10} It is well settled that a statute is presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision. *State ex rel. Ferguson v. Court of Claims of Ohio, Victims of Crime Div.*, 98 Ohio St.3d 399, 2003-Ohio-1631, 786 N.E.2d 43, ¶ 30. In *Grayned v. Rockford* (1972), 408 U.S. 104, 108–109, 92 S.Ct. 2294, 33 L.Ed.2d 222, the United States Supreme

Court discussed the vagueness doctrine, which renders a statute unconstitutional, as a violation of the Due Process Clause, as follows:

{¶ 11} "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. * * * Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. * * * Third, but related, where a vague statute 'abuts upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms.' " (Citations omitted.)

{¶ 12} We find that R.C. 1533.11(B) is not unconstitutionally vague and does not violate appellant's due process rights. The statute clearly states that "no person shall carry a special deer or wild turkey permit issued in the name of another person." We find that this statement gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited by R.C. 1533.11(B).

{¶ 13} Additionally, we note that R.C. 1533.11 is a strict liability statute, which requires no showing of guilty intent to be enforced. *State v. Bowersmith*, Union App. No. 14–02–02, 2002-Ohio-3386, 2002 WL 1434057, ¶ 18. Therefore, anyone carrying a permit issued in the name of another person, regardless of the reason, has violated the statute and may be subjected to prosecution. Accordingly, we find that the language in R.C. 1533.11(B) eliminates the possibility of arbitrary or discriminatory enforcement.

{¶ 14} We further find unpersuasive appellant's argument that R.C. 1533.11(B) was vague in that it was impossible for him both to be in compliance with the statute and to satisfy his parental obligations to prevent his daughter from hunting unlawfully. First, we note that appellant's daughter was not with him on the day in question. Second, appellant clearly could have taken any number of measures, other than carrying his daughter's permit with him while he was hunting, to curtail the potential of his daughter hunting unlawfully. Clearly, appellant was not required to violate R.C. 1533.11(B) to carry out his parental duties to his daughter.

{¶ 15} Finally, we find that R.C. 1533.11(B) does not provide for disparate treatment or enforcement of the statute between different classes of persons. Accordingly, we find that appellant's equal protection argument lacks merit.

{¶ 16} On consideration whereof, we find that appellant failed to establish that R.C. 1533.11(B) was unconstitutional beyond a reasonable doubt. Accordingly,

appellant's sole assignment of error is found not well taken. The judgment of the Norwalk Municipal Court denying appellant's motion to dismiss is therefore affirmed. Appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

JUDITH ANN LANZINGER and ARLENE SINGER, JJ., concur.